IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY C. KENNEY, )
)
Plaintiff, )
)
vs. ) No. CIV-12-935-W
)
SOCIAL SECURITY ADMINISTRATION )
COMMISSIONER MARTHA LAMBIE, )
)
Defendant. )

## ORDER

On October 30, 2012, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the complaint filed by plaintiff Anthony C. Kenney, proceeding pro se, be summarily dismissed for failure to state a claim for which relief may be granted. Kenney was advised of his right to object, see Doc. 7 at 3, but no objection to the Report and Recommendation has been filed within the allotted time.[1]

Upon review, the Court concurs with Magistrate Judge Roberts' suggested disposition of Kenney's complaint, which is titled "Motion Petition for Extraordinary Writs." See Doc. 1.[2] Kenney's pleading, construed liberally due to his pro se status, fails to set forth any facts that make his claim for relief facially plausible as required by Rule 12(b)(6), F.R.Civ.P., and title 28, section 1915(e)(2)(B)(ii) of the United States Code.

---

[1] Kenney did file a Notice of Appeal. See Doc. 8. On November 20, 2012, the United States Court of Appeals for the Tenth Circuit dismissed the appeal for lack of jurisdiction. See Doc. 11.

[2] An identical document was filed on September 7, 2012. See Doc. 5.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 7] filed on October 30, 2012;

(2) DISMISSES without prejudice Kenney's complaint [Doc. 1] file-stamped August 27, 2012, but FINDS, as Magistrate Judge Roberts has noted, that no just reason exists to permit amendment of that pleading in this matter;[3]

(3) DENIES Kenney's "Motion Petition for Extraordinary Writs" [Doc. 5] file-stamped September 7, 2012; and

(4) DENIES Kenney's "Motion for Relief Sought" [Doc. 6] file-stamped September 7, 2012.

ENTERED this 28th day of November, 2012.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]"[W]hen it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile," Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991)(quotation omitted), the Court may dismiss the complaint sua sponte and without granting the plaintiff leave to amend.

2